IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR SMITH,

    Plaintiff,

v.                                                                                           No. 18cv881 KG/SCY

TIMOTHY MAY,
PATRICIA YOUNG, and
NASHA TORREZ,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 18, 2018 ("Complaint") and Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 18, 2018 ("Application").

Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his income amount expected next month is $0.00; (ii) his total monthly expenses are $525.00; (iii) he has $23.00 in a bank account, and (iv) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because his monthly expenses exceeds his monthly income and he is unemployed.

Dismissal of the Case

Plaintiff alleges that he was "using the computer area at the Health and Science Center [at the University of New Mexico ("UNM")] on May 31, 2017." Complaint at 7. Plaintiff states that Defendant Young, a UNM Police Officer, said "the management accused [Plaintiff] of flirting with girls," and issued a police report regarding "Public Nuisance."[1] Complaint at 8-11. The police

---

[1] "A public nuisance consists of knowingly creating, performing or maintaining anything affecting any number of citizens without lawful authority which is either:

   A. injurious to public health, safety, morals or welfare; or

   B. interferes with the exercise and enjoyment of public rights, including the right to use public property."

N.M.S.A. § 30-8-1.

report indicates that Defendant Young "took a report from a female[2] who wanted to document [Plaintiff's] behavior because it made her so uncomfortable that she wanted to see a 'no contact' directive from the Dean of Students." Complaint at 10. Plaintiff alleges that Defendant Young "never indicated that I caused any harm or potential harm." Complaint at 8. Plaintiff contends that he is entitled to see what the "accuser" said, and alleges that Defendant Nasha Torrez, Dean of Students, "failed to ever provide me with this information even when I asked her for it when I saw her in person." Complaint at 8. Plaintiff states "[t]his needs to be dismissed entirely so I can be exonerated and finish my education." Complaint at 8. The Complaint contains no factual allegations mentioning Defendant Timothy May.[3]

The Complaint fails to state a claim. Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. "Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'" *Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Plaintiff has not alleged that the Defendants violated any right secured by the Constitution or federal law.

The Court dismisses this case for failure to state a claim. Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2) states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

IT IS ORDERED that:

---

[2] The female is not named in the police report.
[3] The UNM Police Report attached to the Complaint indicates that "Tim Mey" is "Library staff" who met with Defendant Young "in reference to a man they wanted removed from the Library" and stated that Plaintiff was "bothering females on a regular basis at that location." Complaint at 10.

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 18, 2018, is GRANTED.

(ii) This case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE